IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| HONORATO MEJIA, CRUZ § | | |
| RANGEL, and ADRIAN GARCIA § | | PLAINTIFFS |
| § | | |
| § | | |
| v. § | Civil Action No. 1:10cv264-LG-RHW | |
| § | | |
| § | | |
| MASON PRO, INC. § | | DEFENDANT |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND EXPENSES**

**BEFORE THE COURT** is the Motion for Attorney's Fees and Expenses [13] filed by the plaintiffs. Upon reviewing the Motion and the applicable law, the Court finds that the Motion should be granted as to the plaintiffs' demand for attorneys' fees and denied in all other respects.

DISCUSSION

The plaintiffs filed this lawsuit against Mason Pro, Inc., for failure to pay wages and overtime wages pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201, et seq. This Court granted a default judgment in favor of the plaintiffs on February 15, 2011. The Court found that Honorato Mejia is entitled to recover $1060.00 in damages, Cruz Rangel is entitled to recover $3611.00 in damages, and Adrian Garcia is entitled to recover $1070.00 in damages. In the present Motion, they request $7000.00 in attorneys' fees and $100.00 in expenses.

29 U.S.C. § 216 provides that a court should allow recovery of reasonable attorneys' fees and costs of the action in addition to any judgment awarded in favor of the plaintiffs in a civil action filed pursuant to the FLSA. *Gagnon v. United*

*Technisource, Inc.*, 607 F.3d 1036, 1043 (5th Cir. 2010).

The Fifth Circuit has described the process for calculating attorneys' fees as follows:

> First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours expended on the case by the reasonable hourly rates for the participating lawyers. The court then considers whether the lodestar figure should be adjusted upward or downward depending on the circumstances of the case. In making a lodestar adjustment the court should look to twelve factors, known as the *Johnson* factors, after *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). The factors are: (1) the time and labor required for the litigation; (2) the novelty and difficulty of the questions presented; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the result obtained; (9) the experience, reputation and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Migis v. Pearle Vision, Inc.*, 135 F.3d 1041 (5th Cir. 1998) (internal citations omitted).

Counsel for the plaintiffs, Danielle Brewer and Ian Baker, have provided affidavits, copies of time sheets reflecting their work on the case, and copies of their employment contracts with the plaintiffs. The employment contracts provide for a contingency fee of forty percent, but the attorneys are each seeking payment based on the hourly rate ($250.00) that the parties agreed to utilize in the event that the plaintiffs discharged their attorneys. They assert in their affidavits that the rate charged is that customarily charged in this area for the same or similar services by attorneys with similar experience, reputation, and ability. (Ex. A, B to Pls.' Mot.) "Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community." *Green v. Adm'rs of the Tulane Educ. Fund*, 284 F.3d 642, 662 (5th Cir.

2002). The relevant legal community is the community in which the district court sits. *Tollett v. City of Kemah*, 285 F.3d 357, 368 (5th Cir. 2002). The burden of demonstrating the hourly rate lies with the party seeking attorneys' fees. *Riley v. City of Jackson, Miss.*, 99 F.3d 757, 760 (5th Cir. 1996). "Generally the reasonable hourly rate for a particular community is established through affidavits of other attorneys practicing there." *Tollett*, 285 F.3d at 368.

The plaintiffs have not provided affidavits from other attorneys regarding the reasonableness of their requested hourly rate, and they have not provided information concerning their attorneys' respective levels of expertise and experience. However, the Court is familiar with Baker and Brewer, as well as the reasonable rate for similar services in this community based on other recent cases in which attorneys' fees were sought. The Court finds that a reasonable rate for Baker and Brewer would be $200.00 per hour. Baker has spent 19.7 hours prosecuting this case, and Brewer has spent 8.3 hours. The Court has reviewed the time sheets submitted by Baker and Brewer and finds their work to be reasonable and well-documented. Therefore, the Court finds that the lodestar fee applicable to Baker is $3940.00, and the lodestar fee applicable to Brewer is $1660.00.

This case was not very complicated or time-consuming, but it should be noted that the defendant has threatened to file bankruptcy. Therefore, it may be difficult or impossible to obtain a recovery from the defendant. As a result, the case could be considered undesirable. Furthermore, it should be noted that Brewer and Baker have provided valuable service to clients who would have found it difficult to obtain a recovery

without assistance, due to the defendant's conduct. Although the claims filed by the plaintiffs were relatively small, Brewer and Baker have diligently pursued this matter, and the Court expects that they will continue to exercise diligence in seeking recovery on the judgment for the benefit of their clients. As a result, the Court finds that the lodestar fees do not need to be adjusted, and the plaintiffs are entitled to attorneys' fees in the amount of $5600.00.

Finally, the plaintiffs' request recovery of administrative fees in the amount of $100.00. Federal courts are only permitted to award those costs authorized by 28 U.S.C. § 1920, absent explicit statutory or contractual authorization to the contrary. *Gagnon*, 607 F.3d at 1045 (citing *Cook Children's Med. Ctr. v. The New England PPO Plan of Gen. Consol. Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007)). The Court has not been provided with sufficient explanation or documentation of the administrative fees sought to determine whether the administrative fees are recoverable. Therefore, the request for these expenses is denied.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motion for Attorney's Fees and Expenses [13] filed by the plaintiffs is **GRANTED** as to their claim for attorneys' fees and **DENIED** as to their claim for administrative expenses. The plaintiffs are entitled to recover attorneys' fees and expenses in the amount of $5600.00.

**SO ORDERED AND ADJUDGED** this the 25th day of March, 2011.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
CHIEF U.S. DISTRICT JUDGE